IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, | ) |
|               Plaintiff, | ) |
| | ) |
|   vs. | ) Civil Action No. 11-217E |
| | ) Magistrate Judge Maureen P. Kelly |
| GOVERNOR RENDELL; | ) |
| COMMONWEALTH OF | ) |
| PENNSYLVANIA; PA DEPT. OF | ) |
| CORRECTIONS; SECRETARY | ) |
| JEFFERY BEARD; DIRECTOR | ) |
| BUREAU OF TREATMENT SERVICES | ) |
| ANDREA MEINTEL; DIRECTOR OF | ) |
| BUREAU OF HEALTH CARE; DEPUTY | ) |
| SECRETARY FOR RE-ENTRY AND | ) |
| SPECIALIZED TREATMENT | ) |
| SERVICES; DEPUTY SECRETARY | ) |
| FOR WESTERN REGION BARRY | ) |
| JOHNSON; SUPERINTENDENT | ) |
| COLEMAN; DEPUTY | ) |
| SUPERINTENDENT FACILITY | ) |
| MANAGEMENT GATES; DEPUTY | ) |
| SUPERINTENDENT CENTRALIZED | ) |
| SERVICES ARNELL; MAJOR ZAKEN; | ) |
| UNIT MANAGER WALKER; | ) |
| COUNSELOR BUSTASS; CAPTAIN | ) |
| BERRIER; CAPTAIN TREMPUS; | ) |
| CORR OFFICER 1 COLLINS; CORR | ) |
| OFFICER 1 CAMPBELL; CORR | ) |
| OFFICER 1 ROLL; LIEUTENANT | ) |
| TIFT; NURSE HANCOCK;   DEPUTY | ) |
| SUPERINTENDENT CENTRALIZED | ) |
| SERVICES BRYANT; DEPUTY | ) |
| SUPERINTENDENT FACILITY | ) |
| MANAGEMENT HALL; CORRECTIONS | ) |
| CLASSIFICATION PROGRAM | ) |
| MANAGER WOODS; DEPUTY | ) |
| SUPERINTENDENT FACILITY | ) |
| MANAGEMENT HANNAH; | ) |
| CORRECTIONS CLASSIFICATION | ) |
| PROGRAM MANAGER BISER; | ) |

SUPERINTENDENT FISHER;               )
HEARING EXAMINER McKOSSICK;     )
HEARING EXAMINER MITCHELL;       )
DR. SAVADRA; DR. FONDER; MHM    )
CORRECTIONAL SERVICES, INC.; DR.  )
GALLUCCI; CAPTAIN LEGGET,            )
                                  Defendants.     )

## MEMORANDUM ORDER

Corey Bracey ("Plaintiff"), Inmate Number GS4754, also known as "Carig Jones" and "Roy Thomas",[1] is a prisoner in the Pennsylvania Department of Corrections ("DOC"), currently serving a sentence for, *inter alia*, aggravated assault.[2]  Plaintiff has filed yet another civil rights complaint,[3] naming at least 30 different defendants in the caption of the case.  In this new complaint, Plaintiff complains about many separate and distinct events, occurring from June 2009, (ECF No. 10 at ¶ 38) to August 2011, (id., at ¶ 27) and occurring at three separate prisons: 1) the State Correctional Institution at Fayette ("SCI-Fayette"); 2) the State Correctional Institution at

---

[1]  The Court takes judicial notice of the Department of Corrections Inmate Locator website at:

    http://inmatelocator.cor.state.pa.us/inmatelocatorweb/InmLocator.aspx

(Site last visited 1/12/2012).

[2]  The Court takes judicial notice of the criminal dockets of the Court of Common Pleas of Philadelphia County:

 http://ujsportal.pacourts.us/docketsheets/CPReport.aspx?docketNumber=CP-51-CR-0703031-2005

[3]  The case at issue is Plaintiff's seventh suit in the United States District Courts located in Pennsylvania according to PACER.  Plaintiff has also filed two actions in the United States Court of Appeals for the Third Circuit, the most recent of which, resulted in Plaintiff acquiring a strike within the meaning of 28 U.S.C. §1915(g).  See Bracey v. Pa. Dept. of Corrections, No. 11-3873 (3d Cir. 1/4/2012, Opinion at 4 dismissing appeal as frivolous).

Albion ("SCI-Albion"), both of which are located within the territorial boundaries of the United District Court for the Western District and 3) the State Correctional Institution at Smithfield ("SCI-Smithfield"), which is located with the territorial boundaries of the United States District Court for the Middle District of Pennsylvania.  Because such misjoinder of parties violates the requirements of Fed.R.Civ.P. 20, Plaintiff will be ordered to file an amended complaint, which complies with the Federal Rules of Civil Procedure.

I. **RELEVANT PROCEDURAL HISTORY**

Plaintiff submitted his Complaint without it being accompanied by the required fee or by an application to proceed *in forma pauperis* ("IFP").  Several days later the Clerk's Office received his IFP application, which was granted, ECF No. [9], and the Complaint was formally filed.  ECF No. 10.  Plaintiff also filed his consent to have the Magistrate Judge exercise plenary jurisdiction.  ECF No. 6.

II. **DISCUSSION**

Plaintiff's Complaint names at least 30 defendants in the caption of the case, including the former Governor of Pennsylvania and the former Secretary of the DOC, complaining of many separate and distinct incidents that allegedly occurred over the course of more than two years, some of which occurred at SCI-Fayette, some of which occurred at SCI-Albion, and some of which occurred at SCI-Smithfield, alleging violations of the Constitution, the Americans with Disabilities Act, the Rehabilitation Act and state law.

Federal Rule of Civil Procedure 20 expressly states that defendants may be joined only where certain requirements have been met.[2]  Specifically, Rule 20 provides in relevant part that:

---

[2] The Court has the inherent power to *sua sponte* raise the issue of improper joinder of parties

>Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
>>(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>>(B) any question of law or fact common to all defendants will arise in the action.

As explained by one court, "Rule 20(a) imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions; and (2) some common question of law or fact must be present with respect to all parties in the action (i.e. a common thread)." Intercon Research Associates, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1982).

Moreover Federal Rule of Civil Procedure 18, which permits joinder of multiple **claims** against a party does not trump the requirements of Rule 20 because "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Wright & Miller: Federal Prac. & Proc. § 1655 (3d ed. ). Accord Intercon, 696 F.2d at 56-57.

In addition to Plaintiff's Complaint containing allegations against 30 different defendants,

---

in violation of Rule 20.  BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. April 2, 2004) ("This Court has ruled, sua sponte, that two-hundred and two Defendants in the above-captioned case have been improperly joined pursuant to Fed. R. Civ. Pro. 20").  See also Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991) (court's inherent power is not displaced by statutes); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

and recounting distinct and separate events that span more than two years, the complaint contains many distinct legal claims. The legal claims include, *inter alia*: 1) First Amendment retaliation claims 2) First Amendment interference with court access; 3) Eighth Amendment deliberate indifference claims for failing to adequately treat Plaintiff's alleged mental health; 4) Eighth Amendment claims of excessive force; 5) violations of the ADA and the Rehabilitation Act; 6) state law claims invoking the Court's supplemental jurisdiction. These separate and distinct events and claims, spanning over roughly two years and three different prisons do not "aris[e] out of the same transaction, occurrence or series of transactions or occurrences" and do not present some common question of law or fact with respect to all the parties in the action, as required by Rule 20.

In addition, the absence of common issues of law or fact is true notwithstanding Plaintiff's conclusory and sporadic allegations of an ongoing retaliatory conspiracy against him. See, e.g., Robinson v. Powell, No. 3:09CV250, 2010 WL 2928217, at *2 n.2 (E.D.Va. July 23, 2010) ("The Court previously has informed Plaintiff such conclusory claims of a conspiracy are insufficient to provided [sic] an adequate basis for unrelated transactions and defendants. *Robinson*, 2009 WL 874350, at *1 n. 2 (*citing Ruttenberg v. Jones*, 283 F. App'x 121, 131-32 (4th Cir. 2008) (No. 07-1037)); *see Jackson v. Olsen*, No. 3:09cv00043, 2010 WL 724023, at *3 (E.D.Va. Mar. 1, 2010) (citing cases for the proposition that a '[p]laintiff cannot satisfy the requirements of Rule 20(a) with conclusory allegations of a conspiracy.')"). That conclusory allegations of conspiracy are insufficient is even clearer now that we are under the pleading regime of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the reasons set forth herein, the Complaint, as presently constituted must be amended so as to come into

compliance with the Federal Rules of Civil Procedure.  Accordingly, Plaintiff is hereby ordered to file no later than February 20, 2012, an amended complaint that complies with Fed.R.Civ.P. 20.

Furthermore, Plaintiff is advised that he must supply a copy of the amended complaint for each defendant named in the amended complaint, if he names 30 defendants, he must provide 30 copies of the amended complaint along with the same number of United States Marshal Form 285 and with the same number of completed notices of lawsuit and requests for waiver of service.[4] See, e.g., Holly v. True, NO. 92 C 1636, 1992 WL 159318, at *3 (N.D. Ill. July 1, 1992) ("The court denies Holly's motion to submit his complaint without copies. If Holly wants to sue twenty-eight defendants, he must provide the court with sufficient copies of his complaint in order to effect service. If Holly finds this task difficult, he should seriously consider whether he wants to sue each of the defendants he has named. One of the purposes of requiring even pro se litigants to provide service copies is to cause them to focus their efforts against those individuals truly responsible for the deprivations alleged in the complaint.").  To the extent that he cannot afford to pay for photocopies of any amended complaint, then he may hand copy each such complaint so long as the hand copies are identical.  The Court will not provide Plaintiff copies.  See, e.g., Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993) ("There is no provision in the [IFP] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.").  It is Plaintiff's responsibility to provide sufficient copies.  If he does not do so, his case could be dismissed for failure to prosecute and/or

---

[4]  Plaintiff may request in writing from the Clerk's Office the US Marshal Form 285 and the Notice of Lawsuit and Request for Waivers.

for failure to obey a court order.   Plaintiff has been so warned.

In the exercise of our inherent authority to control our docket,[5] we enter the following order:

**AND NOW** this 25th day of January, 2012, Plaintiff is hereby **ORDERED** to file by February 20, 2012, an amended complaint that conforms to the requirements of Fed.R.Civ.P. 20, along with a sufficient number of copies of the amended complaint for serving each defendant named therein as well as sufficient copies of USM Form 285 and Notices of Lawsuit/Requests for Waivers of Service.   Failure to do so may result in the dismissal of the suit for failure to prosecute and/or failure to comply with court orders.

        s/Maureen P. Kelly
        MAUREEN P. KELLY
        U.S. MAGISTRATE JUDGE

Dated:   January 25, 2012

cc:    Corey Bracey
       GS-4754
       SCI Smithfield
       1120 Pike Street
       Box 999
       Huntingdon, PA 16652

---

[5] Chambers v. NASCO, Inc.; Stafford v. United States.