IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 11-217E |
| vs. | ) Judge Sean J. McLaughlin |
| | ) Magistrate Judge Maureen P. Kelly |
| GOVERNOR RENDELL; | ) |
| COMMONWEALTH OF | ) |
| PENNSYLVANIA; PA DEPT OF | ) ECF No. 21 |
| CORRECTIONS; SECRETARY | ) |
| JEFFERY BEARD; DIRECTOR | ) |
| BUREAU OF TREATMENT SERVICES | ) |
| ANDREA MEINTEL; DIRECTOR OF | ) |
| BUREAU OF HEALTH CARE; DEPUTY | ) |
| SECRETARY FOR RE-ENTRY AND | ) |
| SPECIALIZED TREATMENT | ) |
| SERVICES; DEPUTY SECRETARY | ) |
| FOR WESTERN REGION BARRY | ) |
| JOHNSON; SUPERINTENDENT | ) |
| COLEMAN; DEPUTY | ) |
| SUPERINTENDENT FACILITY | ) |
| MANAGEMENT GATES; DEPUTY | ) |
| SUPERINTENDENT CENTRALIZED | ) |
| SERVICES ARNELL; MAJOR ZAKEN; | ) |
| UNIT MANAGER WALKER; | ) |
| COUNSELOR BUSTASS; CAPTAIN | ) |
| BERRIER; CAPTAIN TREMPUS; | ) |
| CORR OFFICER 1 COLLINS; CORR | ) |
| OFFICER 1 CAMPBELL; CORR | ) |
| OFFICER 1 ROLL; LIEUTENANT | ) |
| TIFT; NURSE HANCOCK; DEPUTY | ) |
| SUPERINTENDENT CENTRALIZED | ) |
| SERVICES BRYANT; DEPUTY | ) |
| SUPERINTENDENT FACILITY | ) |
| MANAGEMENT HALL; CORRECTIONS | ) |
| CLASSIFICATION PROGRAM | ) |
| MANAGER WOODS; DEPUTY | ) |
| SUPERINTENDENT FACILITY | ) |
| MANAGEMENT HANNAH; | ) |
| CORRECTIONS CLASSIFICATION | ) |
| PROGRAM MANAGER BISER; | ) |
| SUPERINTENDENT FISHER; | ) |
| HEARING EXAMINER McKOSSICK; | ) |

| | |
|---|---|
| HEARING EXAMINER MITCHELL; | ) |
| DR. SAVADRA; DR. FONDER; MHM | ) |
| CORRECTIONAL SERVICES, INC.; DR. | ) |
| GALLUCCI; CAPTAIN LEGGET, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

Corey Bracey ("Plaintiff"), is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution ("SCI") at Smithfield. Plaintiff has brought this civil rights action against various DOC and health care employees at four different correctional institutions alleging that they have violated his rights provided by the United States Constitution in a variety of ways. Although it does not appear that the Complaint as originally filed, ECF No. 10, or the Amended Complaint submitted by Plaintiff on February 27, 2012, ECF No. 20, has been served on any of the Defendants, Defendants Dr. Fonder, Dr. Saavedra and MHM Correctional Services, Inc. ("MHM"), have filed a Motion to Dismiss the Amended Complaint ("the Motion"), ECF No. 21, which is presently before the Court. For the reasons that follow, it is respectfully recommended that the Motion be granted in part and denied in part.

**II.    REPORT**

    **A.    Factual and Procedural Background**

Plaintiff initiated this suit on September 22, 2011, by submitting a Complaint unaccompanied by the requisite filing fee or an application to proceed *in forma pauperis* ("IFP"). The Clerk's Office, however, received Plaintiff's IFP application on September 28, 2011, ECF

2

No. 3, which was granted on November 3, 2011. ECF No. 9. As a result, the Complaint was thus filed on that same date. ECF No. 10.

In his Complaint, Plaintiff named over thirty defendants and brought a myriad of claims under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), as well as state law claims. Plaintiff's complaints revolved around a number of separate and distinct events, occurring from June 2009 to August 2011, at three separate prisons: SCI Fayette, SCI Albion, and SCI Smithfield. Accordingly, this Court found that the Complaint inappropriately joined parties and claims in violation of Fed. R. Civ. P. 20, and issued a Memorandum Order, dated January 25, 2012, directing Plaintiff to file an Amended Complaint that complied with Rule 20. ECF No. 17.

Plaintiff filed an Amended Complaint on February 27, 2012, ECF No. 20, and on April 30, 2012, Defendants Dr. Fonder, Dr. Saavedra and MHM, filed the instant Motion. ECF No. 21. A Brief in Support of the Motion was filed on June 21, 2012, ECF No. 27, to which Plaintiff responded on July 6, 2012. ECF No. 28. The Motion, therefore, is now ripe for review.

**B.    Discussion**

Defendants Fonder, Saavedra and MHM contend that Plaintiff has failed to cure the defects contained in the original Complaint and that the Amended Complaint still runs afoul of Fed. R. Civ. P. 20. Coupled with Plaintiff's blatant attempt to circumvent the "three strikes rule" by lumping together unrelated claims and defendants in one complaint, Defendants argue that the

Amended Complaint should be dismissed.[1]

Federal Rule of Civil Procedure 20 expressly states that defendants may be joined only where certain requirements have been met. Specifically, the Rule provides in relevant part that:

> Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

"Rule 20(a) imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions; and (2) some common question of law or fact must be present with respect to all parties in the action (*i.e.*, a common thread)." Intercon Research Associates, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1982).

Moreover, Federal Rule of Civil Procedure 18, which permits joinder of multiple claims against a party does not trump the requirements of Rule 20 because "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence

---

1 The "three strikes rule" refers to Section 1915(g) of the Prison Litigation Reform Act, 28 U.S.C. § 1915, which provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." By bringing multiple claims against multiple defendants, only one strike would be charged against him if the case is dismissed, whereas he would receive multiple strikes if his claims were brought in separate suits and subsequently dismissed.

and presents questions of law or fact common to all." 7 Wright & Miller: Federal Prac. & Proc. § 1655 (3d ed.). *Accord* Intercon Research Associates, Ltd., 696 F.2d at 56-57.

Here, Plaintiff has clearly eliminated a number of defendants from the Amended Complaint as well as a number of claims, including those brought under the First Amendment, the ADA, the RA, 42 Pa.C.S.A § 8522, and claims of excessive force and civil conspiracy. The claims that remain in the Amended Complaint, however, still appear to revolve around events that occurred in 2009 and 2010 while he was incarcerated at SCI Fayette, as well as events in 2010 while he was incarcerated at SCI Cresson, SCI Albion and SCI Smithfield.

Plaintiff nevertheless argues in his Response to Defendants' Motion that these claims arise out of the same transactions, occurrences and events as they "emanate out of his illegal confinement while housed in the Special Management Unit (SMU) at Fayette," and that the "Defendants at Fayette" improperly used the illegal confinement as pretext to classify him on the Restricted Release List ("RRL"). ECF No. 28, pp. 1-2, 4, 5. Plaintiff further argues that, because the improper designation as RRL extended to SCI Albion and SCI Smithfield, where the Albion and Smithfield Defendants refused to correct the misclassification, his claims present questions of law or fact common to all Defendants.

Indeed, review of the Amended Complaint shows that Plaintiff has alleged that prisoners assigned to the Secure Special Needs Unit ("SSNU") and the Restricted Housing Unit ("RHU") at SCI Fayette are housed with inmates assigned to the Special Management Unit ("SMU") in violation of "policy and established law," and that, because of the mixed classifications, the

5

SSNU prisoners go untreated and are denied due process.[2] ECF No. 20, ¶¶ 29-34, 52-60. Plaintiff also alleges that housing the SSNU, SMU and RHU prisoners together "caused disasterous [sic] conditions of confinement in the years 2009 and 2010," and that those conditions resulted in Plaintiff suffering a breakdown. Id. at ¶¶ 33, 85. Based on these assertions, Plaintiff has brought claims challenging the conditions of confinement in the SMU and the absence of due process under the Eighth and Fourteenth Amendments to the Constitution against Defendants Beard, Meintel, Ellers, Gnall, and Defendants Coleman, Gates, Arnell, Zaken, Walker, Bustass, Saavedra, and Gallucci, who all appear to be employed at SCI Fayette. See ECF No. 20, ¶¶ 3-6, 8-13, 19, 55.

Plaintiff has also brought Eighth Amendment claims against Defendants Dr. Fonder and MHM, alleging that sometime in 2010, he was involuntarily admitted to the Mental Health Unit ("MHU") at SCI Cresson and that Dr. Fonder, who treated him there, refused to recommend a transfer out of the SMU despite having diagnosed Plaintiff with major depressive disorder brought about by the conditions in the SMU, and having acknowledged that a transfer would be in Plaintiff's best interest. Id. at ¶¶ 34, 62-67, 91, 92.[3]

Plaintiff has also alleged in the Amended Complaint that when he was returned to the SMU at SCI Fayette following his confinement in the MHU at SCI Cresson, Defendant Walker

---

2 According to Plaintiff, the SMU is designed to house prisoners whose behavior presents a serious threat to the safety and security of the facility, staff, other inmates or himself and that, because of the behavior modification control techniques used in the SMU, prisoners with mental health issues are prohibited from being confined there. The SSNU, on the other hand, is allegedly designed to provide prisoners who have significant mental health concerns with specialized treatment to assist them in returning to the general population or the Special Needs Unit. ECF No. 20, ¶¶ 30, 31.

3 Although it is not entirely clear from the Amended Complaint, it appears that Plaintiff was only temporarily transferred from SCI Fayette to SCI Cresson for "emergency mental health treatment" in the Mental Health Unit at SCI Cresson. See ECF No. 20, ¶¶ 34, 62, 63, 68.

had Plaintiff assigned to his caseload as an SMU inmate so that Walker could place Plaintiff on RRL, even though he was an RHU prisoner and not subject to RRL. Id. at ¶¶ 68-72. Plaintiff alleges that his continued confinement in the SMU violated his right to due process under the Fourteenth Amendment. Id. at ¶ 88.

Plaintiff further alleges that, thereafter, Defendant Walker, in concert with Fayette Defendants Bustass, Arnell, Zaken, Gates, Coleman, Johnson and Beard, had Plaintiff approved for RRL at SCI Albion, where he was transferred on June 29, 2010, and did so "without jurisdiction" in violation of his right to due process. Id. at ¶¶ 74-75. Plaintiff also contends that Defendants Hall, Bryant and Woods at SCI Albion were aware that he was improperly classified but refused to take steps to correct the designation. Id. at ¶¶ 76-78, 88.

Although it is unclear from the Amended Complaint when Plaintiff was transferred to SCI Smithfield, Plaintiff has alleged that upon his arrival there he was again illegally classified as RRL based on the SCI Fayette Defendants' improper designation. Id. at ¶ 79. Plaintiff contends that Defendants Hannah, Biser, Fisher, and Whietsel at SCI Smithfield also acknowledged the misclassification but refused to correct it in violation of Plaintiff's due process rights. Id. at ¶¶ 79-80, 88.

In addition, Plaintiff alleges that because of his confinement in the SMU at SCI Fayette and the misclassification as RRL at all three institutions he has suffered significant hardship, is barred from participating in certain treatment programs and, as a result, his mental health has deteriorated. Id. at ¶¶ 34, 52, 53, 60, 61, 81-84.

These claims all revolve around Plaintiff's allegations that his Eighth and Fourteenth Amendment rights have been violated by being illegally housed in the SMU at SCI Fayette while

7

designated as an RHU prisoner, which was then used as pretext to have him improperly classified as RRL at SCI Fayette, SCI Albion and SCI Smithfield. Therefore, these claims therefore appear to arise out of the same transactions or occurrences and raise questions of law and fact common to the Defendants named relative to these claims. As such, with respect to Plaintiff's Eighth and Fourteenth Amendment claims that he was illegally confined in the SMU at SCI Fayette and thereafter improperly designated as RRL, he has substantially complied with Fed. R. Civ. P. 20. Defendants' Motion as to these claims therefore is properly denied.

Plaintiff, however, has also alleged in the Amended Complaint that between June of 2009 and September of 2009, while Plaintiff was housed in the RHU at SCI Fayette, he was denied access to the law library, given at least one false misconduct, and was subject to excessive use of force in violation of his Eighth Amendment rights. Id. at ¶¶ 35-37.

Plaintiff also complains that in September of 2009, Defendant Legget ordered that Plaintiff be placed in an observation cell where the conditions were "inhumane" and that Defendants Berrier and Walker kept in the observation cell for eight months in violation of his Fourth and Eighth Amendment rights. Id. at ¶¶ 38-39, 87

In another incident that occurred in February of 2010, Plaintiff contends that his Eighth Amendment rights were violated when, following an argument with Defendant Collins, Collins put glass in his food and that Defendant Hancock subsequently denied him medical treatment. Id. at ¶¶ 40-49, 89, 90.

Notably, Plaintiff has not argued in his brief in Response to Defendants' Motion that these claims arise out of the same transaction or occurrences as his claims revolving around his alleged

illegal confinement and improper RRL classification. In fact, Plaintiff has not addressed these claims in his Brief at all and, thus, has seemingly conceded that they do not.

Indeed, Plaintiff's claims that he was denied access to the law library, given a false misconduct, and was subject to excessive use of force, do not appear to have any relation to his claims regarding his alleged illegal confinement and improper classification. Nor do his claims revolving around his placement and continued confinement in an observation cell under "inhumane" conditions,[4] or that Defendants Collins and Hancock violated his Eighth Amendment rights by putting glass in his food and denying him medical treatment. To the contrary, these claims constitute separate and distinct events and claims against Defendants unrelated to his confinement in the SMU or his RRL designation. As such, they run afoul of Fed. R. Civ. P. 20 and are properly dismissed from this action.[5]

### C. Conclusion

Accordingly, for the foregoing reasons, it is respectfully recommended that the Motion to Dismiss submitted by Defendants Dr. Fonder, Dr. Saavedra and MHM [ECF No. 21] be granted in part and denied in part. Having found that Plaintiff's Fourth, Eighth, and Fourteenth Amendment claims brought against Defendants Legget, Berrier, Walker, Collins, and Hancock and his Eighth Amendment claims that he was denied access to the law library, given a false misconduct and subjected to excessive force while incarcerated at SCI Fayette are improperly

---

4 Moreover, Plaintiff's claims in this regard are properly stricken from the Amended Complaint in any event as they are duplicative of his claims brought against Defendant Legget in C.A. No. 09-1662. See Bracey v. Price, C.A. 09-1662, ECF No. 35, ¶ 90.

5 As noted by Plaintiff, although Defendants have asked that the entire action be dismissed because of Plaintiff's failures under Rule 20, Fed. R. Civ. P. 21 specifically states that "[m]isjoinder of parties is not grounds for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party." It therefore appears that the proper course is to dismiss only those

joined under Rule 20, it is recommended that the Motion be granted as to these claims. To the extent, however, that Defendants ask that the entire case be dismissed for these infractions, the Motion should be denied. The Motion should also be denied with respect to Plaintiff's Eighth and/or Fourteenth Amendment claims brought against Defendants Beard, Meintel, Ellers, Gnall, Johnson, Coleman, Gates, Arnell, Zaken, Walker, Bustass, Saavedra, Gallucci, Fonder, MHM, Bryant, Hall, Woods, Hannah, Biser, Whietsel, and Fisher revolving around his alleged illegal confinement in the SMU at SCI Fayette and improper RRL designation at SCI Fayette, SCI Albion and SCI Smithfield. As such, the Plaintiff's Eighth and/or Fourteenth Amendment claims brought against Defendants Fonder, Saavedra and MHM remain viable.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

        Respectfully submitted,

        <u>/s/ Maureen P. Kelly</u>
        MAUREEN P. KELLY
        United States Magistrate Judge

Dated: 8 November, 2012

---

parties and claims that are improperly joined.

cc: Corey Bracey
GS-4754
SCI Smithfield
1120 Pike Street
Box 999
Huntingdon, PA 16652

Counsel of Record Via CM/ECF