IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, | ) |
|           Plaintiff, | ) Civil Action No. 11-217E |
| | ) |
| vs. | ) Judge Cathy Bissoon/ |
| | ) Magistrate Judge Maureen P. Kelly |
| SECRETARY JEFFREY BEARD, et al, | ) |
|           Defendants. | ) Re: ECF No. 92 |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff's Motion for Recusal [ECF No. 92] in which he seeks the recusal of the undersigned, presumably pursuant to 28 U.S.C. § 455.

Under 28 U.S.C. § 455, a judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The test for recusal under § 455(a) is objective and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). The bias required before recusal is warranted under either subsection (a) or (b)(1), "must stem from a source outside of the official proceedings." Liteky v. United States, 510 U.S. 540, 554 (1994). See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Moreover, the United States Court of Appeals for the Third Circuit has made it clear that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000), citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999), and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990). See Waris v. Heartland Home Healthcare Services,

Inc., 365 F. App'x 402, 406–07 (3d Cir. 2010). Thus, "the court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings." Conklin v. Warrington Twp., 476 F. Supp. 2d 458, 462–464 (M.D. Pa. 2007), *citing* In re Antar, 71 F.3d 97, 101 (3d Cir. 1995), *overruled on other grounds by* Smith v. Berg, 247 F.3d 532, 534 (3d Cir.2001). See Lease v. Fishel, 712 F.Supp.2d 359, 373–74 (M.D. Pa. 2010).

Here, to support his contention that the undersigned has demonstrated a personal bias against him in this case, Plaintiff complains that in one of the Court's rulings it cited to the crime for which Plaintiff is currently incarcerated, his various aliases and other litigation that Plaintiff has engaged in against the Pennsylvania Department of Corrections.  Plaintiff also cites to several rulings made by the undersigned in another case brought by Plaintiff, C.A. No. 1:11-cv-4.  Specifically, Plaintiff complains that, in ruling on the parties' cross-motions for summary judgment in C.A. No. 1:11-cv-4, the Court only addressed the arguments made by Defendants in their motion and not those made by Plaintiff in his motion, and that the Court made an ex parte ruling allowing Defendants to file one of their exhibits under seal without allowing Plaintiff to respond to the Defendants' request to do so.  Plaintiff also cites to the Court's apparent reference during a sanctions hearing to the fact that the undersigned had a background in employment litigation.  Plaintiff contends that these actions evidence inherent bias and lack of integrity by the Court.

Neither reference to Plaintiff's conviction and other litigation, nor reference to the undersigned's prior practice, however, evidences a personal bias against Plaintiff and Plaintiff has not suggested how these references show prejudice by the Court. With respect to the Court's ruling on Plaintiff's Motion for Summary Judgment in C.A. No. 1:11-cv-4, the record demonstrates that the Court considered Plaintiff's arguments but simply disagreed with them. Id.

at ECF No. 195. Further, as found by the Honorable Cathy Bissoon, in allowing Defendants to file portions of Procedural Manual 6.5.1 under seal, the Court "did nothing more than permit the Commonwealth Defendants to supplement the summary judgment record with actual policy materials that Plaintiff himself had relied upon and purported to summarize," and did not abuse its discretion in permitting Defendants to do so without a response from Plaintiff. Id. at ECF No. 201, p. 3.[1] In short, Plaintiff's complaints amount to nothing more than his displeasure with the Court's rulings, which does not warrant recusal. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d at 278. Plaintiff has not pointed to any evidence that would lead a reasonable person with knowledge of all the facts to conclude that the undersigned would act in a partial manner or that would lead one to conclude that there exists personal bias or prejudice. To the contrary, Plaintiff's request for recusal appears to be an attempt to circumvent what he perceives to be adverse judicial rulings.

Accordingly an appropriate Order follows:

**IT IS ORDERED** this 11th day of September, 2013, that the Motion for Recusal [ECF No. 92] is **DENIED.**

**IT IS FURTHER ORDERED** that the parties are allowed fourteen (14) days from this date to appeal this Order to a District Judge pursuant to Rule 72.C.2 of the Local Rules. Failure to appeal within fourteen (14) days may constitute waiver of the right to appeal.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
United States Magistrate Judge

---

[1] Moreover, it is not disputed that Procedures Manual 6.5.1 pertains to the Administration of Security Level 5 Housing Unit, and is a confidential document to which an inmate is not entitled.

cc:    Corey Bracey
       GS-4754
       SCI Graterford
       P.O. Box 244
       Graterford, PA 19426-0244

       All counsel of record via CM/ECF

4