# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY BRACEY, | ) | |
| Plaintiff, | ) | Civil Action No. 1:11-cv-217 |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Maureen P. Kelly |
| SECRETARY JEFFREY BEARD, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff, Corey Bracey, appeals the Magistrate Judge's Memorandum Order (ECF No. 97), denying his Motion for Appointment of Counsel (ECF No. 93). For the reasons that follow, the Magistrate Judge's Memorandum Order will be affirmed.

Plaintiff is an inmate at the State Correctional Institution ("SCI") at Graterford, and brings this civil rights action against numerous officials of the Pennsylvania Department of Corrections (among others), claiming that his rights under the Eighth and Fourteenth Amendments were violated when he was illegally housed in the Special Management Unit at SCI Fayette and then, on the basis of that improper designation, improperly placed on the Restricted Release List at SCI Fayette and other state correctional facilities. The matter was referred to Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rule 72 of the Local Rules for Magistrates.

On September 9, 2013, Plaintiff filed a Motion for Appointment of Counsel. (ECF No. 93). Magistrate Judge Kelly denied the Plaintiff's Motion in a Memorandum Order on September 12, 2013. (ECF No. 97). This appeal followed. (ECF No. 104).

If a party is dissatisfied with a Magistrate Judge's non-dispositive ruling, it may appeal to the District Judge, who may reconsider and set aside the ruling only if it is "clearly erroneous or

contrary to law." 28 U.S.C. § 636(b)(1)(A); see also FED. R. CIV. P. 72(a); LCvR 72(C)(2); *Cipollone v. Liggett Group Inc.*, 785 F.2d 1108 (3d Cir. 1986). "A decision is clearly erroneous if the reviewing court is left with the definite and firm conviction based on all the evidence that the [lower] court made a mistake." *United States v. Perez*, 280 F.3d 318, 351 (3d Cir. 2002). A magistrate judge's refusal to appoint counsel constitutes a non-dispositive ruling subject to this deferential standard. *See Wassell v. Younkin*, 2008 WL 73658 at *2 (W.D.Pa. 2008); *Cooley v. Merski*, 2008 WL 2641272 at *1 (W.D.Pa. 2008).

Here, applying the list of factors identified by the Third Circuit in *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) and *Tabron v. Grace*, 6 F.3d 147, 156, (3d Cir. 1993),[1] the Magistrate Judge concluded that the appointment of counsel was not warranted. She found that the issues in the case were neither difficult nor complex, and nothing in the record indicated that the Plaintiff was incapable of presenting his case. (ECF No. 97 at 3). The Magistrate Judge further found that the Plaintiff was a competent litigator, noting the number of briefs, responses to motions, and number of motions the Plaintiff had prosecuted in this case, and pointed out the fact that he had adeptly litigated at least four other civil rights cases, without the benefit of counsel. *Id.* at 3-4. She noted that although the Plaintiff suggested he was in the need of counsel to assist in the discovery process, discovery closed on September 11, 2013, and it appeared that

---

[1] These factors include:

1. the plaintiff's ability to present his or her own case;
2. the complexity of the legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
4. the amount the case is likely to turn on credibility determinations;
5. whether the case will require the testimony of expert witnesses; and
6. whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457; *Tabron*, 6 F.3d at 156.

the Plaintiff had received the discovery he had requested.[2] *Id.* at 4. The Magistrate Judge did not view the case as turning on the credibility of witnesses and becoming a "swearing contest," nor was she of the view that mental health expert testimony would be needed in order to resolve the issue of whether the Defendants' classification system ran afoul of the Plaintiff's rights under the Eighth and Fourteenth Amendments. *Id.* at 4-5. Finally, the Magistrate Judge observed that the only factor that seemingly weighed in the Plaintiff's favor was his inability to afford counsel, but this factor, standing alone, did not outweigh the remaining factors. *Id.* at 5.

Having carefully reviewed the Magistrate Judge's decision and the Plaintiff's objections thereto, the Court concludes that Magistrate Judge Kelly's Memorandum Order was neither clearly erroneous nor contrary to law. Accordingly, the Plaintiff's objections (styled as an Appeal) (ECF No. 104) are **OVERRULED**, and the Memorandum Order of Magistrate Judge Kelly dated September 12, 2013 (ECF No. 97) is **AFFIRMED**. In the event that future proceedings demonstrate the need for counsel, the issue can be revisited either *sua sponte* by the Court or upon motion of the Plaintiff. *See Tabron*, 6 F.3d at 156 (appointment of counsel "may be made at any point in the litigation and may be made by the district court *sua sponte*).

IT IS SO ORDERED.

October 11, 2013                                         s/Cathy Bissoon
                                                                                                      Cathy Bissoon
                                                                                                      United States District Judge

cc (via ECF email notification):

All counsel of record

---

[2] Plaintiff's Appeal (ECF No. 103) of the Magistrate Judge's Order denying his request for an extension of discovery is addressed in a separate Memorandum Order.

cc (via First-Class U.S. Mail):

Corey Bracey
GS4754
SCI Graterford
P.O. Box 244
Graterford, PA  19426-0244